UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD VINCENT RAY, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>K. HOSEY, et al.,<br><br>Defendants. | 1:20-cv-01076-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S IN FORMA PAUPERIS STATUS BE REVOKED UNDER 28 U.S.C. § 1915(g) AND PLAINTIFF BE REQUIRED TO PAY THE FILING FEE IN FULL WITHIN THIRTY DAYS**<br><br>**OBJECTIONS, IF ANY, DUE IN 14 DAYS** |

## I. BACKGROUND

Edward Vincent Ray, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. On August 4, 2020, Plaintiff filed the Complaint commencing this action, together with a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 1.) On August 10, 2020, the court granted Plaintiff's motion to proceed *in forma pauperis* with this case. (ECF No. 5.)

## II. THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3

or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

"This subdivision is commonly known as the 'three strikes' provision." Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "Andrews").  "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP [or *in forma pauperis*]."  Id.; see also Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "Cervantes") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]").  The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," Andrews, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee."  O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).  Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury."  See 28 U.S.C. § 1915(g); Cervantes, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

While the PLRA does not require a prisoner to declare that § 1915(g) does not bar his request to proceed IFP, Andrews, 398 F.3d at 1119, "[i]n some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike."  Id. at 1120.  When applying 28 U.S.C. § 1915(g), however, the court must "conduct a careful evaluation of the order dismissing an action, and other relevant information," before determining that the action "was dismissed because it was

frivolous, malicious or failed to state a claim," since "not all unsuccessful cases qualify as a strike under § 1915(g)." Id. at 1121.

The Ninth Circuit has held that "the phrase 'fails to state a claim on which relief may be granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure 12(b)(6).'" Id. (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). Andrews further holds that a case is "frivolous" for purposes of § 1915(g) "if it is of little weight or importance" or "ha[s] no basis in law or fact." 398 F.3d at 1121 (citations omitted); see also Neitzke v. Williams, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous [under 28 U.S.C. § 1915] where it lacks an arguable basis in either law or in fact . . . . [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.").

**III.    ANALYSIS**

    **A.    Three Strikes**

A review of the actions filed by Plaintiff reveals that Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the Complaint was filed, under imminent danger of serious physical injury. Court records reflect that on three prior occasions Plaintiff brought actions while incarcerated that were dismissed as either frivolous, malicious, or for failure to state a claim upon which relief may be granted. The strikes described in these cases all occurred prior to the filing of the present action on August 4, 2020.

    **(1) Ray v. Schoo, et al.**, Case No. 5:10-cv-00942-VAP-PJW (C.D. Cal.) (dismissed on January 2, 2014, for failure to state a claim);

    **(2) Ray v. Bruiniers**, Case No. 3:10-cv-00824-SI (N.D. Cal.) (dismissed on September 1, 2010, as frivolous and for failure to state a claim); and

    **(3) Ray v. Friedlander**, Case No. 3:10-cv-01107-SI (N.D. Cal) (dismissed on September 1, 2010, as frivolous and for failure to state a claim).

### B. Imminent Danger

The Court has reviewed Plaintiff's Complaint for this action and finds that Plaintiff does not meet the imminent danger exception. See Cervantes, 493 F.3d at 1053.

In the Complaint, Plaintiff alleges that the water at CCI is contaminated with lead and/or Coliform Bacteria, which is slowly poisoning him; he is a level two inmate being forced to house on a level three facility, and the level three inmates are more dangerous and are livid that "level two's are on our yard and should be careful of getting jumped"; the air conditioning system in the cell where Plaintiff lives blows out dust particles because the ducts haven't been cleaned since the buildings were erected, causing Plaintiff sore throats and excessive phlegm, and the ducts are furry and dirty; and finally, Plaintiff is a Sensitive Needs Yard Inmate but he is housed in close proximity to known enemies in the General Population.

The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. Bradford v. Kraus, No. 2:19-CV-1753 DB P, 2020 WL 738554, at *2 (E.D. Cal. Jan. 23, 2020), report and recommendation adopted, No. 219CV1753KJMDBP, 2020 WL 731114 (E.D. Cal. Feb. 13, 2020) (citing see Cervantes, 493 F.3d at 1053.). Plaintiff has not described any symptoms he was experiencing from contaminated water or dust particles at the time he filed the Complaint. Nor has Plaintiff described specific threats from level three inmates or known enemies. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. Speculation that Plaintiff may experience illness or encounters with dangerous inmates at a later time is insufficient. The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002). "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998).

Plaintiff has not provided "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Bradford, 2020 WL 738554, at *2 (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). Plaintiff's allegations fail to meet the imminent danger exception. Bradford, 2020 WL

738554, at *3 (citing see Hendon v. Kulka, No. 2:14-cv-2581 AC P, 2015 WL 4637962 at *2 (E.D. Cal. Aug. 3, 2015) (finding plaintiff's allegations that he was denied due process and suffered side effects stemming from involuntary medication failed to meet imminent danger exception).

Furthermore, Plaintiff has not alleged that this danger is "fairly traceable" to the unlawful conduct asserted in the Complaint. Cruz v. Santoro, No. 120CV01038NONEBAMPC, 2020 WL 5636944, at *1 (E.D. Cal. Aug. 17, 2020), report and recommendation adopted, No. 120CV01038NONEBAMPC, 2020 WL 5632948 (E.D. Cal. Sept. 21, 2020) (quoting see Pettus v. Morgenthau, 554 F.3d 293, 297–98 (2d Cir. 2009) (outlining "nexus" test).[1] In the Complaint, Plaintiff alleges that he is entitled to a parole hearing to determine if he is eligible to be paroled due to the recent passage of Proposition 57. Plaintiff claims the defendants are deliberately indifferent to his rights to a parole hearing. Plaintiff also brings claims against the State of California that his rights to due process and equal protection are being violated because he is improperly being punished as a violent offender for committing a robbery, when he did not exhibit any violence or use any physical force. Plaintiff claims that after Johnson v. U.S., 135 S.Ct. 2551 (2015), robbery in California is no longer considered a violent crime. Based on these allegations Plaintiff's claims of imminent danger are not related to his claims in the Complaint.

Because Plaintiff fails to demonstrate that he meets the imminent danger exception to the three-strikes bar, this court will recommend that Plaintiff's *in forma pauperis* status be revoked under 28 U.S.C. § 1915(g) and that Plaintiff be required to pay the $400.00 filing fee for this case in full within thirty days.

///

---

[1] Although the Ninth Circuit has not directly addressed this question, numerous other district courts have found that Pettus provides the controlling standard. See McClellan v. Kern Cty. Sheriff's Office, No. 1:10-CV-0386, 2015 WL 5732077, at *1; Chappell v. Fleming, No. 2:12-CV-0234, 2013 WL 2156575, at *5 (E.D. Cal. May 17, 2013), findings and recommendations adopted by No. 2:12-CV-0234, 2013 WL 3872794 (E.D. Cal. July 25, 2013); Williams v. Brennan, No. 2:12-CV-2155, 2013 WL 394871, at *1–2 (E.D. Cal. Jan. 30, 2013), findings and recommendations adopted by No. 2:12-CV-2155, 2013 WL 1192770 (E.D. Cal. Mar. 22, 2013); Johnson v. Sonoma Cty. Main Adult Det. Facility, No. 14-CV-05397, 2015 WL 1744281, at *2 (N.D. Cal. Apr. 15, 2015)

**IV.   CONCLUSION AND RECOMMENDATIONS**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff's *in forma pauperis* status be revoked under 28 U.S.C. § 1915(g); and
2. Plaintiff be required to pay the $400.00 filing fee for this case in full within thirty days of the date of service of this order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 23, 2020**                              **/s/ Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE