UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD VINCENT RAY, JR.,<br><br>Plaintiff,<br><br>v.<br><br>K. HOSEY, et al.,<br><br>Defendant. | No. 1:20-cv-01076-DAD-GSA<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS AND REVOKING *IN FORMA PAUPERIS* STATUS<br><br>(Doc. Nos. 5, 11) |

Plaintiff Edward Vincent Ray, Jr., a state prisoner, is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

This action was filed on August 4, 2020, together with a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 that was granted on August 10, 2020. (Doc. Nos. 1, 2, 5.) On November 2, 2020, the assigned magistrate judge issued findings and recommendations, recommending that plaintiff's *in forma pauperis* status be revoked and plaintiff instead be required to pay the filing fee in full because: (1) he is subject to the three strikes bar under 28 U.S.C. § 1915(g); and (2) the allegations in his complaint do not satisfy the "imminent danger of serious physical injury" exception to § 1915(g). (Doc. No. 8.) On November 16, 2020, plaintiff filed objections to those findings and recommendations on various grounds, including his

1

contention that two of the three prior dismissals counted as strikes therein were in cases to which plaintiff was not a party. (Doc. No. 9 at 1–2.) The November 2, 2020 findings and recommendations were then withdrawn based upon plaintiff's objections. (Doc. No. 10.)

Thereafter, on November 24, 2020, the assigned magistrate judge issued the pending findings and recommendations, again recommending that plaintiff's *in forma pauperis* status be revoked and that he be directed to pay the required filing fee in full, based on other prior dismissal orders found to qualify as strikes under § 1915(g). (Doc. No. 11.) The pending findings and recommendations thus again found: (1) plaintiff is subject to the three strikes bar under 28 U.S.C. § 1915(g); and (2) the allegations in his complaint do not satisfy the "imminent danger of serious physical injury" exception to § 1915(g). (*Id*.) These findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days from the date of service. (*Id.* at 6.) On December 2, 2020, plaintiff's timely-filed objections were docketed. (Doc. No. 12.) In his objections, plaintiff argues that he is not subject to the three strikes bar of § 1915(g) because none of the three dismissal orders relied upon in the pending findings and recommendations should be counted as strikes and that, even if they do qualify as strike dismissals, he asserts that the allegations of his complaint are sufficient to qualify for the imminent danger exception. (Doc. No. 12 at 2–3, 6–7.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the undersigned declines to adopt the findings and recommendations. Specifically, the undersigned concludes that two of the three dismissal orders relied upon in the findings and recommendations under 28 U.S.C. § 1915(g) do not qualify as strike dismissals under the statute. Each of the dismissal orders assessed as strikes in the findings and recommendations is addressed in turn below. With only one qualifying strike dismissal, plaintiff may continue to proceed in this action *in forma pauperis*.

## DISCUSSION

**A.   *Ray v. Schoo*, Case No. 5:10-cv-00942-VAP-PJW (C.D. Cal. Jan. 2, 2014)**

First, the findings and recommendations rely upon the dismissal order in *Ray v. Schoo*, Case No. 5:10-cv-00942-VAP-PJW (C.D. Cal. Jan. 2, 2014) as a prior strike. (Doc. No. 11 at 3.)

A review of the docket in that case establishes that the action was dismissed by an order adopting the assigned magistrate judge's recommendation in full for failure to state a claim upon which relief may be granted and on qualified immunity grounds. (*Schoo*, Doc. No. 94 at 6.) Accordingly, the dismissal of *Ray v. Schoo* qualifies as a strike against plaintiff under 28 U.S.C. § 1915(g) despite the fact the language of the court stating that it disapproved of the conduct alleged in the complaint.[1] (*Id.*) ("Though the Court does not condone what happened here and would prefer that prison guards not subject prisoners to 40-45 degree temperatures for extended periods of time without proper clothing, doing so one time does not state a cause of action under the Cruel and Unusual Punishment Clause.")

/////

---

[1] The dismissing court's explicit disapproval of the defendants' alleged conduct does raise a question as whether this dismissal should be counted as a strike. Nonetheless, because the action was dismissed in its entirety for failure to state claim, controlling case law requires that it be counted as such. To be clear, the determination that this dismissal does qualify as a strike is not based in any part on the language the dismissal order had adopted from the recommendation stating that the "dismissal constitutes a strike." (*Schoo*, Doc. No. 94 at 8.) As the undersigned has previously observed:

> The practice of designating dismissals as "strikes" under § 1915(g) in orders of dismissal has been criticized because it is the subsequent courts who must determine whether a plaintiff is barred from maintaining an action in forma pauperis by the three strikes rule. In this regard, the Second Circuit has stated: "[D]istrict courts should not issue these strikes one by one, in their orders of judgment, as they dispose of suits that may ultimately—upon determination at the appropriate time—qualify as strikes under the terms of § 1915(g)." *DeLeon v. Doe*, 361 F.3d 93, 95 (2d Cir. 2004); *see also Andrews v. King*, 398 F.3d 1113, 1119 n.8 (9th Cir. 2005) ("[T]he district court is not required to determine whether the prisoner's case is frivolous, malicious or fails to state a claim and therefore will count as a future strike under § 1915(g)."); *Shabbazz v. Fischer*, No. 9:11-CV-0916 (TJM/ATB), 2012 WL 3241653, at *1 (N.D.N.Y Aug. 7, 2012) ("In other words, a strike may not be assessed at the same time that the action or appeal is dismissed. Instead, it is up to a later judge to determine, when the time is right, whether three previously dismissed actions or appeals might constitute strikes."); *Pough v. Grannis*, 08CV1498–JM (RBB), 2010 WL 3702421, at *13 (S.D. Cal. July 16, 2010) (denying defendants' request that the court designate a dismissal as a strike under § 1915(g) at the time of dismissal).

*Davis v. Kings Cnty. Bd. of Supervisors*, No. 1:18-cv-01667-DAD-EPG, 2019 WL 6888585, at *3, n. 1 (E.D. Cal. 2019).

**B.**     *Ray v. Bruiniers*, Case No. 3:10-cv-00824-SI (N.D. Cal. Sept. 1, 2010)

Second, the findings and recommendations rely upon the dismissal in *Ray v. Bruiniers*, Case No. 3:10-cv-00824-SI (N.D. Cal. Sept. 1, 2010) as a prior strike. (Doc. No. 11 at 3.) In *Bruiniers*, plaintiff initiated an action captioned "Criminal Complaint Under 18 U.S.C.S. §§ 241 and 242" against a state appellate judge, attempting to seek a reversal of one count for which he was convicted because of what plaintiff alleges were misstatements in the appellate opinion regarding eye-witness testimony. (*Bruiniers*, Doc. No. 1 at 3.) Plaintiff presented an unusual pleading that the dismissing court endeavored to parse out, evaluating and ultimately dismissing each comprehensible claim for relief under multiple potential legal theories. (*Bruiniers*, Doc. No. 7 at 2.)

Plaintiff objected to the assessment of this dismissal as a strike for several reasons supported by Ninth Circuit and other caselaw:  (1) judicial immunity is not an enumerated basis for a strike under the PLRA; (2) a dismissal based upon a *Heck* bar is not categorically a dismissal based about frivolousness;  and (3) the complaint was "more closely related to [an] attack[] on the plaintiff's criminal conviction; therefore those filings closely resembled [a] habeas corpus petition[] which cannot count as [a] 'strike.'" (Doc. No. 12 at 2) (citations omitted.)

The PLRA makes a prisoner ineligible for *in forma pauperis* status if he "has, on [three] or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). As the Ninth Circuit requires, courts are to "strictly and narrowly" construe the language of § 1915(g) in the interest of justice:

> The "denial of [*in forma pauperis*] status effectively, if not physically, denies many indigent prisoners access to the courts." Simone Schonenberger, *Access Denied: The Prison Litigation Reform Act*, 86 Ky. L.J. 457, 474 (1998). In § 1915(g), Congress said what it meant, and we will construe its language strictly and narrowly. "Our task is to give effect to the will of Congress, and where its will has been expressed in reasonably plain terms, that language must ordinarily be regarded as conclusive." *Griffin v. Oceanic Contractors, Inc*., 458 U.S. 564, 570 (1982) (internal quotation marks omitted) (quoting *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc*., 447 U.S. 102, 108, (1980)). Unless an

4

> incarcerated litigant has accrued three strikes on grounds plainly enumerated in § 1915(g), [he] is entitled to [*in forma pauperis*] status.

*Harris v. Harris*, 935 F.3d 670, 675 (9th Cir. 2019). Accordingly, not every dismissal qualifies as a strike under § 1915(g). *El-Shaddai v. Zamora*, 833 F.3d 1036, 1041–2 (9th Cir. 2016) (citing *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005)). The Ninth Circuit has also established that when an action presents multiple claims, a strike is assessed "only when the 'case as a whole' is dismissed for a qualifying reason under the [PLRA]." *Washington v. L.A. Cnty. Sheriff's Dep't.*, 833 F.3d 1048, 1057 (9th Cir. 2016) (citing *Andrews v. Cervantes*, 493 F.3d 1047, 1054 (9th Cir. 2007)).

Strikes can only accrue from "civil actions." *Washington*, 833 F.3d at 1057. When determining whether a dismissal can be counted as a strike, the court also looks to the substance of the dismissed lawsuit. *El-Shaddai*, 833 F.3d at 1047. The Ninth Circuit has held that dismissals of "would be" habeas petitions do not trigger strikes because they do not fall under the purview of the PLRA. *Id.*; *El-Shaddai*, 833 F.3d at 1046–47. When a case presents any claims which "sound in habeas", the court must find that that claim is not subject to the PLRA's regime for the purposes of assessing strikes.[2] *Washington*, 833 F.3d at 1057.

A review of the docket in *Ray v. Bruiniers*, Case No. 3:10-cv-00824-SI (N.D. Cal.) establishes that the various claims were dismissed by the district judge for the following reasons: (1) as "frivolous insofar as it attempts to initiate a criminal prosecution of the defendant"; (2) because of absolute judicial immunity; (3) because of "the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994) insofar as plaintiff seeks damages against the defendant" because a favorable ruling would cast into doubt the validity of his underlying sentence; and (4) because a "petition for writ habeas corpus is the exclusive method by which a person may challenge in this court the fact or

---

[2] "A habeas action . . . is not a 'civil action' within the purview of the PLRA because it operates to challenge the validity of a criminal proceeding, and its dismissal does not trigger a strike." *Id.* (citing *King*, 398 F.3d at 1122–23; *El–Shaddai*, 833 F.3d at 1046–47.) Even a "mislabeled" habeas petition—a case sounding in habeas filed as another type of action—done as "a strategy to avoid the significant substantive hurdles of our habeas jurisprudence . . . should be considered [a habeas petition] for purposes of the PLRA, and that it should not count as a strike." *El-Shaddai*, 833 F.3d at 1047.

duration of his confinement."[3] (*Bruiniers*, Doc. No. 7 at 3.)

The various claims in *Bruiniers*, as interpreted by the dismissing court, were dismissed for multiple reasons, including reasons that do not qualify as strikes under the PLRA. (*Id*. at 3.) The Ninth Circuit has ruled a dismissal due to judicial immunity is not the equivalent of a failure to state a claim and, on its own as here, would not be a qualifying reason to count the dismissal as a strike. *Harris*, 935 F.3d at 675 ("The language and structure of the PLRA make clear that immunity-based dismissals generally do not fall within § 1915(g)."). At its core, it appears that through the complaint in *Bruiniers* plaintiff was seeking injunctive relief by challenging his criminal conviction, which sounds in habeas. (*Bruiniers*, Doc. No. 1 at 3.) "[I]njunctive relief, sound[ing] in habeas [] is not subject to the PLRA's regime" and thus cannot be assessed a strike. *Washington*, 833 F.3d at 1057. Furthermore, as the Ninth Circuit outlined, when "*Heck*-barred damages claims are [] intertwined with a habeas challenge to the underlying sentence," the court must decline to impose a strike with respect to the entire action. *Id*.

Accordingly, plaintiff cannot be assessed a strike for the dismissal of his complaint in *Ray v. Bruiniers* because the "case as a whole" was not dismissed for a qualifying reason.

**C.**   ***Ray v. Friedlander*, Case No. 3:10-cv-01107-SI (N.D. Cal. Sept. 1, 2010)**

Finally, the findings and recommendations rely upon the dismissal in *Ray v. Friedlander*, Case No. 3:10-cv-01107-SI (N.D. Cal. Sept. 1, 2010) as a prior strike. As in *Bruinier*s, plaintiff filed another action in the U.S. District Court for the Northern District of California captioned "Criminal Complaint Under 18 U.S.C.S. §§ 241 and 242" against a state prosecutor, alleging that the prosecutor in his criminal case misstated evidence in an appellate brief regarding eye-witness testimony. (*Freidlander*, Doc. No. 6 at 1.) A review of the docket in that case establishes that plaintiff's operative complaint was largely similar in substance to that which he filed in *Bruiniers*

---

[3] The findings and recommendations assert that this action was also dismissed for failure to state a claim (Doc. No. 11 at 3) but the dismissal order does not do so. (*Cf. Bruiniers*, Doc. 7 at 2.) The order describes how even if the complaint *were* to be construed as an action under § 1983, the action would not a state a claim, merely indicating that the dismissing court thus determined that it could not construe the complaint as such to prevent dismissal of the action. (*Bruiniers*, Doc. No. 7 at 2) ("Construing the complaint to be a civil rights complaint under § 1983 does not help plaintiff under the circumstances.")

6

and was even related to the same eye-witness testimony. (*Compare Bruiniers*, Doc. No. 1 *with Freidlander*, Doc. No. 1.) Here, the same dismissing court issued a nearly identical order to that issued in *Bruiniers*, and relied on the same reasons stated as therein: the various claims were dismissed by the assigned district judge: (1) as "frivolous insofar as it attempts to initiate a criminal prosecution of the defendant"; (2) because of absolute prosecutorial immunity; (3) because of "the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994) insofar as plaintiff seeks damages against the defendant" because a favorable ruling would cast into doubt the validity of his underlying sentence; and (4) because a "petition for writ habeas corpus is the exclusive method by which a person may challenge in this court the fact or duration of his confinement." [4] (*Freidlander*, Doc. No. 6 at 2–3.) Plaintiff raised the same objections for this dismissal as he had in *Bruiniers*. (Doc. No. 12 at 2.)

Accordingly, and for the same reasons as described above in addressing the dismissal order in *Ray v. Bruiniers*, Case No. 3:10-cv-00824-SI (N.D. Cal. Sept. 1, 2010), plaintiff cannot be assessed a strike for the dismissal of his complaint filed in *Ray v. Friedlander* because the "case as a whole" was not dismissed for a reason that qualifies it as a strike dismissal.

## CONCLUSION

Accordingly,

1. The undersigned declines to adopt the November 24, 2020 findings and recommendations (Doc. No. 11);

2. The August 10, 2020 order granting plaintiff's application to proceed *in forma pauperis* (Doc. No. 5) remains in effect; and

/////

/////

/////

---

[4] The findings and recommendations also assert that this action was dismissed for failure to state a claim. (Doc. No. 11 at 3.) The order contains the same language regarding how even if the complaint *were* to be construed as an action under § 1983, "[c]onstruing the complaint to be a civil rights complaint under § 1983 does not help plaintiff under the circumstances." But again the order does actually dismiss the complaint for failure to state a claim because it was not brought as § 1983 action. (*Cf. Freidlander*, Doc. No. 6 at 2.)

3. The matter is referred back to the assigned magistrate for proceedings consistent with this order.

IT IS SO ORDERED.

Dated: __**February 12, 2021**__                    /s/ Dale A. Drozd
                                                    UNITED STATES DISTRICT JUDGE