UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD VINCENT RAY, JR., <br><br> Plaintiff, <br><br> vs. <br><br> HOSEY, et al., <br><br> Defendants. | **1:20-cv-01076-DAD-GSA-PC** <br><br> **ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND** <br> **(ECF No. 1.)** <br><br> **THIRTY-DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT** |

**I.   BACKGROUND**

Edward Vincent Ray, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on August 4, 2020. (ECF No. 1.) The Complaint is now before the Court for screening. 28 U.S.C. § 1915.

**II.   SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  While factual allegations are accepted as true, legal conclusions are not.  Id.  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

### III. SUMMARY OF COMPLAINT

Plaintiff is presently incarcerated at the California Correctional Institution (CCI) in Tehachapi, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR) where the events at issue in the Complaint allegedly occurred.  Plaintiff names as defendants K. Hosey (Appeals Coordinator), N. Welch (C & PR (A)), M. Edwards (Correctional Counselor), B. Cates (Associate Warden), CCI Howard (Correctional Counselor), the State of California, and the CDCR (collectively, "Defendants").   All of the Defendants are sued in their individual capacities. A summary of Plaintiff's allegations follows:

**Conditions of Confinement**

Initially in the Complaint, Plaintiff asserts that one court has labeled him as suffering "three strikes." Comp. at 5.  Plaintiff then argues that even if he has accumulated "three strikes," he should not be barred from proceeding *in forma pauperis* (without initial payment of the filing

fee) in this case because he is in "imminent danger of serious physical injury."[1]  Plaintiff discusses adverse conditions of confinement at CCI in support of this argument, which include allegations that:

    (1)    CCI's water is contaminated with lead or coliform;

    (2)    Plaintiff is a level 2 inmate being housed with level 3 inmates who are livid he is there;

    (3)    the cells blow dust particles into the air;

    (4)    Plaintiff is in close proximity to known enemies (being a SNY inmate housed near GP inmates), and

    (5)    Plaintiff deserves to be in a safe environment.

Comp. at 5.

The issue of Plaintiff's status in this case has been resolved and Plaintiff is now proceeding *in forma pauperis*. (ECF No. 13.)

Importantly however, it is uncertain from a reading of Plaintiff's complaint whether Plaintiff is seeking to bring these claims of adverse conditions of confinement at CCI in his complaint, or whether he intended to use them solely on the issue of "imminent danger" to avoid the effects of the three strikes rule.  Plaintiff must clarify which of these he intended in an amended complaint if he elects to do so given the courts discussion below.

To state such a claim, Plaintiff must <u>name</u> an individual Defendant and <u>explain what happened</u> that caused a violation of Plaintiff's rights, <u>alleging *facts*</u> showing what the individual Defendant said and/or did, how the Defendant acted, what Plaintiff saw, heard, felt, and knew, and <u>describing the injury or harm</u> caused to Plaintiff.  Below is the legal standard for an Eight

---

[1] "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim." <u>Andrews v. King</u>, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).  Once a prisoner has accumulated three strikes, he is barred by section 28 U.S.C § 1915(g) from pursuing any other action in federal court without initial payment of the filing fee, unless he can show he is facing "imminent danger of serious physical injury." <u>See</u> 28 U.S.C. § 1915(g); <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1051-52 (9th Cir. 2007).

Amendment claim for adverse conditions of confinement. Plaintiff should review the standard before deciding which claims, if any, to bring against each individual Defendant.

*Adverse Conditions of Confinement – Eighth Amendment Claim*

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted).

While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346. Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).

To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer, 511 U.S. at 834. "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Johnson, 217 F.3d at 731. Rather, extreme deprivations are required to make out a conditions of confinement claim, and only those

deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Farmer, 511 U.S. at 834; Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson, 217 F.3d at 731. Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost, 152 F.3d at 1128.

**In the main body of Plaintiff's complaint he sets forth the following allegations:**

**Defendant Edwards**

On June 13, 2019, Plaintiff had an "annual committee hearing" at which time Plaintiff explained to Defendant Edwards that he is entitled to parole consideration per Johnson I and II and Proposition 57. Comp. at 8 ¶3. Edwards refused to adhere to federal law and did not make Plaintiff eligible for parole consideration under Proposition 57. Plaintiff also showed Defendant Edwards case law in support of his contention that he was eligible for parole. Edwards flat-out refused to examine the document. Plaintiff also told Edwards that he doesn't want to be held at CCI and as a SNY inmate, he is in danger of being assaulted by the GP inmates on the yard. Edwards said, "Too bad, we're retaining you here." Comp. at 8. This violates Farmer v. Brennan's holdings and is a deliberate indifference to Plaintiff's Constitutional rights per the 8th Amendment. Edwards' inactions result in oppressive conduct. Edwards violated Plaintiff's state and/or federal rights because he failed to extend the laws to Plaintiff, which is contrary to and an unreasonable application of clearly established federal laws.

**Defendant Hosey**

On October 16, 2019, Plaintiff submitted a "CDCR 602 inmate grievance" to Defendant K. Hosey. Comp. at 6 ¶3. Based on Supreme Court precedent in <u>M. Johnson v. United States</u>, 135 S.Ct 2551 (2015) (<u>Johnson II</u>) Plaintiff argued that his alleged crime of robbery is no longer a violent crime, and Plaintiff is entitled to benefit from the recent passage of Proposition 57 and should be given a parole hearing to determine if he is eligible to be paroled. Plaintiff sent Defendant Hosey a copy of a Ninth Circuit ruling entitled <u>United States v. Bankston</u>, 901 F.3d 1100 (9th Cir. 2018), proving Plaintiff's position per federal laws.

Defendant Hosey replied saying, "CDCR is governed by DOM and CCR Title 15, not the 9th Circuit Court of Appeals. All regulations implemented by CDCR staff are in consideration of Federal and State laws. We follow existing policy until changes are made." Comp. at 6 ¶3. Plaintiff alleges that Defendant Hosey's refusal to extend the benefits of Proposition 57 is causing excessive oppression upon Plaintiff and demonstrates deliberate indifference to constitutional rights.

Plaintiff alleges that CDCR and Hosey are bound by federal laws also, and Defendant Hosey's statement is contrary to clearly established federal law in <u>Johnson I & II</u>.

**Defendant Cates**

On November 6, 2019, Plaintiff spoke to Defendant Cates at a special committee meeting about how Cates' subordinates were refusing to follow federal and/or state laws as well as CDCR regulations, specifically <u>Johnson I & II</u>, Proposition 57, and the right to a parole suitability process. Defendant Cates simply stated, "That's why we have 602's, grieve it." Comp. at 9.

Plaintiff is alleging a supervisory liability claim against Defendant Cates for failing to train, control, or supervise his employees and/or subordinates who are deliberately indifferent to inmates' constitutional rights. Cates reviewed Plaintiff's grievance and its issues but did absolutely nothing to resolve the issues. Plaintiff alleges that Warden Cates' oppressive conduct makes him liable, and his refusal to adhere to State and/or Federal laws is deliberate indifference.

**Defendant Welch**

On January 10, 2020, Plaintiff was interviewed by Defendant Welch. Plaintiff went over all the claims in the grievance and clearly and concisely explained to Welsh that per the <u>Johnson</u>

I & II holdings, which state that his crime is not a "categorical match" to generic federal robbery, his alleged crime is no longer violent and thus Plaintiff is now entitled to benefit from the state law Proposition 57. Comp. at 7. Plaintiff requested to be given a parole suitability hearing.

///

Defendant Welch laughed and said, "CDCR is not governed by federal laws; we make and follow our own rules." Comp. at 7.

Essentially, Defendant Welch told Plaintiff that CDCR is above the laws of the United States of America. Plaintiff attempted to explain that the CDCR's and Welch's conduct is also contrary to and an unreasonable application of clearly established federal law. Defendant Welch's inactions are oppressive conduct and/or deliberate indifference to Plaintiff's rights to due process and equal protection of the laws.

**Defendant Howard**

On May 6, 2020, Plaintiff spoke to Defendant Howard about Proposition 57 in CCI's C-yard Building 1's dayroom. Plaintiff showed Defendant Howard the Bankston case. Howard glanced at the case never stopping to read any of it, and stated, "You're not eligible for Proposition 57 because your case is violent." Comp. at 10.

Plaintiff attempted to explain to Howard that he is wrong. Howard simply stated, "I don't make the rules, so I don't care. I'm too busy to stand here and debate this with you."

At the committee meeting on May 27, 2020, Plaintiff again tried to voice his concerns about being housed on a higher level than his points allow, but was again rebuked. Plaintiff asked to be moved, and Howard denied this too. The committee meeting was only three minutes long. Defendant Howard's oppressive conduct and/or deliberate indifference to Plaintiff's constitutional, federal/state rights is what makes him liable.

**State of California**

Plaintiff alleges that the State of California has violated his Fourteenth Amendment rights to due process and equal protection. Plaintiff alleges that the state is punishing him as a violent offender based on a criminal statute to penalize conduct it does not clearly proscribe. (Here, Plaintiff discusses the law as it evolved.) Plaintiff alleges that after Johnson, California robbery

is no longer considered a crime of violence, and prison officials' decision defies clearly established federal and/or state law.

///

///

**CDCR**

Plaintiff alleges that the CDCR is violating the 14th Amendment rights to due process and equal protection of the state-created and federal laws. The CDCR refuses to abide by state and federal laws and is also misinterpreting and misapplying its own rules and regulation. Plaintiff avers that the CDCR's regulations conflict with state and federal laws and the voters' intent and language in Proposition 57.

**Relief**

Plaintiff requests monetary damages and injunctive relief.

### IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under

8

color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Id. (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A.   Official and Individual Capacity

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the Eleventh Amendment does not bar suits for money damages against state officials in their personal capacities, Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003); nor does it bar suits against state officials in their official capacity for prospective (injunctive) relief, Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010). When a plaintiff seeks money damages against a state official and the complaint is silent as to capacity, a personal capacity suit is presumed given the bar against an official capacity suit for money damages. Shoshone-Bannock Tribes v. Fish & Game Comm'n, 42 F.3d 1278, 1284 (9th Cir. 1994); Price v. Akaka, 928 F.2d 824, 828 (9th Cir. 1991). Plaintiff brings this action against Defendants in their individual capacities only.

### B.   Eleventh Amendment Immunity – CDCR and State of California

The Eleventh Amendment to the U.S. Constitution bars from the federal courts suits against a state by its own citizens, citizens of another state, or citizens or subjects of any foreign state, absent consent to the filing of such suit. Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 237-38 (1985). Eleventh Amendment immunity also extends to suits against an arm of the state, such as the CDCR and prisons within the CDCR. See Brown v. Cal. Dep't of Corrs., 554 F.3d 747, 752 (9th Cir. 2009) (California Department of Corrections and California Board of Prison Terms entitled to 11th Amendment immunity).

Here, Plaintiff names the State of California and CDCR as Defendants. The Eleventh Amendment bars suits against both of these Defendants. Therefore, Plaintiff fails to state a claim against the State of California and CDCR, and these Defendants shall be dismissed.

### C. Prison Appeals Process

Plaintiff's allegations against the individual Defendants pertain, in part, to the handling of Plaintiff's inmate grievances. Actions in reviewing a prisoner's administrative grievance or appeal generally cannot serve as the basis for liability in a section 1983 action. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id.

"[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Azeez v. DeRobertis, 568 F.

Supp. 8, 10 (N.D. Ill. 1982) accord Buckley, 997 F.2d at 495; see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner). "Hence, it does not give rise to a protected liberty interest requiring the procedural

///

protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir. 2005) accord George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir. 1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir. 1996).; Haney v. Htay, No. 1:16-CV-00310-AWI-SKO-PC, 2017 WL 698318, at *4–5 (E.D. Cal. Feb. 21, 2017).

Thus, to the extent that Plaintiff alleges that any of the individual Defendants named herein failed to properly process his grievance, Plaintiff cannot state a cognizable claim.

### D.  **Proposition 57**

Proposition 57 was approved by California voters on November 8, 2016 and went into effect the next day. Rodriguez v. Anderson, No. EDCV181181JGBAGR, 2021 WL 2343346, at *1 (C.D. Cal. Mar. 31, 2021), *report and recommendation adopted*, No. EDCV181181JGBAGR, 2021 WL 2336944 (C.D. Cal. June 7, 2021). In pertinent part, Proposition 57 added section 32 to article I of the California Constitution. Id. Section 32(a) provides that "[a]ny person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense," defined as "the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." Cal. Const. art I, § 32(a)(1). Id. Section 32(b) directs the CDCR to "adopt regulations in furtherance of these provisions." Id. at *2 (citing Cal. Const. art I, § 32(b)).

Essentially, Proposition 57 provides an inmate who has completed his base term with a hearing before the Board of Parole Hearings.  (Cal. Const. art I, Sec. 32(a)).  To the extent that Plaintiff is seeking early release, he cannot bring this claim pursuant to § 1983.  (Richardson v. Montgomery (S.D.Cal. Feb. 16, 2021, No. 3:20-cv-0356-WQH-RBM) 2021 U.S.Dist.LEXIS 29056, at *5-6.)  Such a claim would challenge "the validity of [his] continued incarceration [and therefore] lie within 'the heart of habeas corpus.'"  Id. (citing Ramirez, 334 F.3d at 856) (quoting Preiser v. Rodriguez, 411 U.S. 475, 498-99, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973) (holding that a writ of habeas corpus is "explicitly and historically designed" to provide a state prisoner with the "exclusive" means to "attack the validity of his confinement" in federal court)).

However, Plaintiff also fails to state a cognizable federal habeas corpus claim.  Plaintiff's argument as to his eligibility for Prop 57 early parole consideration challenges CDCR's application of its own regulations and the laws of the state of California. (Harrington v. Covello, (S.D.Cal. June 17, 2020, No. 19-cv-1824-LAB-RBM) 2020 U.S.Dist.LEXIS 106942, at *8-9.) This raises only an error of state law, not federal law.  Id. (citing see Rhoades v. Henry, 611 F.3d 1133, 1142 (9th Cir. 2010).  Finally, Plaintiff's requested relief is outside "the core of habeas corpus," as success on the merits of the claim does not necessarily lead to a speedier release.  Id. quoting  Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016)).

Thus, based on the foregoing, Plaintiff fails to state a claim for relief pursuant to the application of Proposition 57 under both 1983 and federal habeas corpus

### E.     Deliberate Indifference – Eighth Amendment Claim

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  Morgan, 465 F.3d at 1045.  Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  Hudson, 503 U.S. at 9, 112 S.Ct. 995 (1992) (citations and quotations omitted).  "An Eighth Amendment claim that a prison official has deprived inmates of humane conditions of confinement must meet two requirements, one objective and the other subjective."  Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 2010) cert. denied, 514 U.S. 1065

(1995). First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer, 511 U.S. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). The objective requirement is met if the prison official's acts or omissions deprived a prisoner of "the minimal civilized measure of life's necessities." Allen, 48 F.3d at 1087 (quoting Farmer, 511 U.S. at 834 (1994)). To satisfy the subjective prong, a plaintiff must show more than mere inadvertence or negligence. Neither negligence nor gross negligence will constitute deliberate indifference. Farmer at 833, & n. 4; Estelle v. Gamble, 429 U.S. 97, 106 (1976). The Farmer court concluded that "subjective recklessness as used in the criminal law is a familiar and workable standard that is consistent with the Cruel and Unusual Punishments Clause" and adopted this as the test for deliberate indifference under the Eighth Amendment. Farmer at 839-40.

Plaintiff seems to allege that Defendants acted with deliberate indifference when, among other things, they refused to apply Proposition 57 to his circumstances, failed to consider that GP inmates posed a danger to him as a SNY inmate, and ignored his request for lower level housing. However, Plaintiff has not alleged facts showing that any of the Defendants knew that Plaintiff was at serious risk of substantial harm, acted recklessly against Plaintiff causing harm to Plaintiff's health or safety. Therefore, Plaintiff fails to state a claim for deliberate indifference.

### F. Equal Protection

The Equal Protection Clause requires the State to treat all similarly situated people equally. See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). This does not mean, however, that all prisoners must receive identical treatment and resources. See Cruz v. Beto, 405 U.S. 319, 322 n. 2 (1972); Ward v. Walsh, 1 F.3d 873, 880 (9th Cir. 1993); Allen v. Toombs, 827 F.2d 563, 568–69 (9th Cir. 1987).

"To prevail on an Equal Protection claim brought under § 1983, Plaintiff must allege facts plausibly showing that '"the defendants acted with an intent or purpose to discriminate against [him] based upon membership in a protected class,'" (citing see Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005) (quoting Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th

Cir. 2001)), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564,

///

120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff claims that his rights to equal protection were violated when Defendants refused to apply Proposition 57 to his circumstances. However, Plaintiff has not alleged facts demonstrating that he was intentionally discriminated against on the basis of his membership in a protected class, or that he was intentionally treated differently than other similarly situated inmates without a rational relationship to a legitimate state purpose. Plaintiff's bare, conclusory allegation of a violation of his equal protection rights fails to state a claim. See Twombly, 550 U.S. at 555 (stating, "[f]actual allegations must be enough to raise a right to relief above the speculative level. . . ."); see also James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)). Therefore, Plaintiff fails to state a claim for relief for violation of his rights to equal protection.

### G. Supervisory Liability – Failure to Train and Supervise

Plaintiff has named Warden B. Cates, who holds a supervisory position, as a defendant. Plaintiff is advised that "[l]iability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no *respondeat superior* liability under [§] 1983." Taylor, 880 F.2d at 1045 (citations omitted).

Each Defendant is only liable for his or her own misconduct, and Plaintiff must demonstrate that each Defendant, through his or her own *individual actions*, violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 676-77 (emphasis added). The required causal connection between supervisor conduct and the deprivation of a constitutional right is established either by direct personal participation or by setting in motion a "series of acts by others which

the actor knows or reasonably should know would cause others to inflict the constitutional injury." Johnson, 588 F.2d at 743-44.

A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Id. (citing Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted)). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Id. (quoting Taylor, 880 F.2d at 1045). An administrator may be liable for deliberate indifference to a serious medical need, for instance, if he or she fails to respond to a prisoner's request for help. Id. (citing Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006)).

"'Supervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others.'" Id. (quoting Preschooler II, 479 F.3d at 1183) (citations omitted)).

Plaintiff claims that Warden Cates is liable for failure to train, control, or supervise his employees or subordinates  This claim fails because Plaintiff's allegations are wholly conclusory. Plaintiff has not alleged any facts showing that Warden Cates personally acted or failed to act in training his employees or subordinates, causing or acquiescing in constitutional deprivations by any of the named Defendants, for which Plaintiff's Complaint was made.

Therefore, Plaintiff fails to state a claim against Defendant Warden Cates for failure to train or supervise his employees.

## V. CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, the court finds that the complaint currently fails to state any cognizable claims against any of the named Defendants under § 1983.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." The Court will provide Plaintiff with time to file an

amended complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file a First Amended Complaint within thirty days.

The amended complaint should be brief, but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 129 S.Ct. at 1948-49; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added). In order to hold an individual defendant liable, Plaintiff must name the individual defendant and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.

Plaintiff is advised that a short and simple statement of his claim will speed the screening of his case, and will help the litigation proceed in a more efficient manner. Plaintiff should carefully review this court's order and only include claims he believes are cognizable and which are related—that is, Plaintiff must not include in a single complaint claims which are not related to one another,

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new defendants for unrelated issues. Also, Plaintiff does not have leave to bring allegations in this case concerning events that occurred after August 4, 2020, the date the original Complaint was filed.

If Plaintiff decides to file an amended complaint, he is reminded that an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The

amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's Complaint, filed on August 4, 2020, is dismissed for failure to state a claim, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a First Amended Complaint curing the deficiencies identified by the Court in this order;
4. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:20-cv-01076-DAD-GSA-PC; and
5. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated: **April 8, 2022**          **/s/ Gary S. Austin**
                                  UNITED STATES MAGISTRATE JUDGE